**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SHAWN HERRING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | **Civil Action File No. _____** |
| **PTR MECHANICAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Shawn Herring (hereinafter "Plaintiff"), by and through undersigned counsel, and files this lawsuit against PTR Mechanical (hereinafter "Defendant"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

### Introduction

1.

The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendant which have deprived Plaintiff of his lawful overtime wages.

2.

During the employment of Plaintiff, Defendant violated the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Plaintiff seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**Jurisdiction and Venue**

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## Parties

6.

Plaintiff resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

8.

Defendant is a corporation formed under the laws of the Minnesota that conducts business in the State of Georgia and in this District.

9.

Defendant maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

10.

Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, National

Corporate Research, Ltd., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

11.

At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.00.

12.

At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

13.

The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

**Factual Allegations**

14.

From October 1, 2012 until April 23, 2013, Plaintiff was employed by Defendant.

15.

At all times relevant hereto, Plaintiff was not responsible for supervising or directing the work of any other employees.

16.

At all times relevant hereto, Plaintiff did not possess the authority to hire or fire other employees.

17.

At all times relevant hereto, Plaintiff's primary duty was not the management of Defendant, nor of a customarily recognized department or subdivision thereof.

18.

At all times relevant hereto, Plaintiff's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

19.

At all times relevant hereto, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

20.

At all times relevant hereto, Plaintiff was a non-exempt employee for purposes of overtime compensation.

21.

While employed by Defendant, Plaintiff was required, at times, to work in excess of forty (40) hours a week.

22.

During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay at which they were by law required.

23.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Plaintiff are in the possession of Defendant.

**Failure to Comply with the Overtime Provisions of the FLSA**

24.

Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

25.

Defendant failed to meet the requirements for paying Plaintiff at a rate of not less than one and one-half times the regular rate at which Plaintiff was legally

required to be paid under the compensation requirements of the FLSA under 29 U.S.C. § 203 and § 207.

26.

Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. § 203 and § 207.

27.

By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28.

As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

29.

Plaintiff has retained undersigned counsel to represent him in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

30.

By its actions alleged herein, Defendant willfully, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

31.

Defendant willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with § 203 and § 207 of the FLSA.

32.

As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

33.

Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

34.

As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, pray for the following relief:

(a)    that Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

(b)    that Plaintiff be awarded the costs and expenses of this action;

(c)    that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 7th day of June, 2013.

COHAN LAW GROUP, LLC

*/s/ Louis R. Cohan*

_____
LOUIS R. COHAN
Georgia Bar No. 173357
TRACY K. HAFF
Georgia Bar No. 141230
*Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com